FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2004 OCT 26 P 5:13

SIGN _____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE ) | CIVIL ACTION NO. |
| COMPLAINT OF TESSENDERLO ) | |
| DAVISON CHEMICALS, L.L.C. AS ) | JUDGE: 04cv763-A-M2 |
| BAREBOAT CHARTER OF THE ) | |
| TANK BARGE FT-22 ) | |
| PETITIONING FOR EXONERATION ) | |
| FROM OR LIMITATION OF LIABILITY ) | |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes TESSENDERLO

CHEMICALS, L.L.C. (hereinafter "TDC"), as the bareboat charterer of the tank barge FT-22, and

petitions for exoneration from or limitation of liability, pursuant to Rule F of the Supplemental Rules

for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, and 46 U.S.C. § 181,

*et seq.* as follows:

1.

At all times pertinent hereto, Plaintiff, TDC, a limited liability company duly organized and

existing pursuant to the laws of the State of Louisiana, with its principal place of business in Ruston,

Louisiana, was bareboat charterer of the tank barge FT-22.

**2.**

At all times, the FT-22 was and is a documented vessel of the United States, bearing Official No. D528104, an unmanned tank barge. At all times, the FT-22 was tight, staunch, strong, equipped and supplied, and in all respects seaworthy and fit for the service for which it was engaged.

**3.**

At all times, the FT-22 was owned by RIVER CITY TOWING, INC. (hereinafter "RIVER CITY") and bareboat chartered to TDC, to transport sodium hydrosulfide (hereinafter "NaHS").

**4.**

On or about April 20, 2004, the FT-22 was loaded with off-spec NaHS in Pasadena, Texas at a facility owned and operated by TESSENDERLO KERLEY, INC. (hereinafter "TKI") by employees of PETROLEUM SERVICE CORPORATION (hereinafter "PSC"). The cargo was being shipped from Pasadena, Texas to Arkansas City, Arkansas. The loading was uneventful.

**5.**

On or about April 27, 2004, an unusual odor was allegedly detected in Baton Rouge and/or the surrounding area.

**6.**

On or about April 28, 2004, an unusual odor was allegedly detected in Brusly, Louisiana and/or the surrounding area.

**7.**

Soon thereafter, on April 28, 2004, River City was notified of an alleged leak or escape of vapor from the FT-22. TDC also received notice that the odor was caused by an alleged release and/or emission from the barge.

**8.**

TDC's first receipt of written notice of any claim against it resulting from the aforementioned voyage occurred on May 17, 2004 when counsel for TDC received a copy of plaintiffs' Fourth Amending Petition in a suit entitled "*Albert Bartney, et al v. Kirby Inland Marine of Louisiana, Inc., et al*"; Docket No. 33,180, Div. "D", 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana. Since then, TDC has received notice that it has been added as a defendant in the matter styled, "Mary Craig, et al v. River City Towing Service, Inc."; Civil Action No. 34025, Div. "A" in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana and in the matter styled, "Sandra Woodfork, Vincent Dorsey, and Albertha Gray and all other similarly situated persons v. Tessenderlo Davison Chemicals, L.L.C."; Docket No. 34,051, Division "A", 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana.

**9.**

The aforementioned voyage resulted in various claims being made or anticipated to be made against TDC and the FT-22.

**10.**

Venue is proper in this district pursuant to Rule F(9) Supplemental Rules for Certain Admiralty and Maritime Claims because TDC has been sued in this district.

**11.**

This is an admiralty and maritime action within the meaning of Rule 9(h). Jurisdiction is based on 28 U.S.C. § 1333.

**12.**

All resultant losses or damages were not caused or contributed to in any way by the fault of the FT-22 or the Plaintiff, or of any persons for whose acts Plaintiff is responsible, but on the contrary, were caused by the acts or omissions of others for whom TDC is not responsible.

**13.**

Plaintiff denies that it or the FT-22 or any persons or property for whom or which Plaintiff may be responsible are liable to any extent in the premises. Plaintiff claims exoneration from all liability for all losses, damages, injuries and destruction incurred by reason of the matters aforesaid. In the alternative, and in the event Plaintiff and the FT-22 should be held responsible by reason of the matters herein above set forth, Plaintiff claims the benefits of the Limitation of Liability Act provisions set forth in 48 U.S.C. § 181, *et seq.* and all laws supplementary thereto and amendatory thereof, because all of the losses, damages, injuries and/or destruction resulting from the aforesaid incident occurred without privity or knowledge of Plaintiff.

**14.**

The FT-22, was not damaged as a result of the incident, and the value of the FT-22 immediately following these events did not exceed $250,000.00. The charter hire and/or freight pending at the time of this incident did not exceed the sum of $20,000.00. Plaintiff further avers that the amount of estimated claims alleged against it and the FT-22 may exceed Plaintiff's interest in the FT-22.

**15.**

Plaintiff will file and *ad interim* stipulation and bond in the appropriate form with an approved corporate surety for the payment into Court in the amount of Plaintiff's interest in the FT-

22 and pending freight and/or charter hire, together with interest at the rate of 6% per annum from the date of said stipulation and for costs; and in addition thereof, Plaintiff is prepared to give bond or stipulation for any amount in excess of the *ad interim* stipulation as may be ascertained and determined to be necessary under the orders of this Court and as provided by the laws of the United States and of this Court.

**16.**

All and singular, the premises of this petition are true on information and belief and within the admiralty and maritime jurisdiction of this Court.

**WHEREFORE**, Plaintiff prays:

1. That the Court enter an order approving the *ad interim* stipulation for the value of the FT-22 and pending charter hire and/or freight and the Letter of Undertaking in the total amount of $ 270,000.00 plus interest at a rate of 6% per annum from the date of this Complaint;

2. That the Court issue notice to all persons asserting claims by reason of any loss, injury, expense or damage, occasioned or incurred by reason of the aforementioned incident, admonishing them to file their claims with the Clerk of Court and to serve on the attorneys for the Plaintiff a copy thereof on or before a date to be named in the notice;

3. That the Court issue its injunction restricting the commencement and/or prosecution of any and all actions or suits or legal proceedings of any kind whatsoever against Plaintiff, its property, the FT-22 or their underwriters arising out of the aforementioned casualty other than in the present action;

4. That this Court adjudge that the Plaintiff and the FT-22 are not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the aforementioned incident or

that, if such liability ever existed, then that it be limited to the value of the Plaintiff's interest in and to the FT-2 together with charter hire and/or freight, if any, pending at the time of the casualty;

5. That this Court grant such other and further relief as justice and equity require.

All of which is most respectfully submitted,

By attorneys,

**BREAZEALE, SACHSE & WILSON, L.L.P.**

*(signature)*

EMILE C. ROLFS, III (#11431) T.A.
FRANK S. CRAIG, III (#4543)
W. BRETT MASON (#22511)
R. CHARLES ELLIS (# 20800)
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821
PH: (225) 387-4000
FAX (225) 381-8029

*COUNSEL FOR TESSENDERLO DAVISON CHEMICALS, L.L.C.*

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE ) | CIVIL ACTION NO. |
| COMPLAINT OF TESSENDERLO ) | |
| DAVISON CHEMICALS, L.L.C. AS ) | JUDGE: |
| BAREBOAT CHARTER OF THE ) | |
| TANK BARGE FT-22 ) | |
| PETITIONING FOR EXONERATION ) | |
| FROM OR LIMITATION OF LIABILITY ) | |

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

**BEFORE ME**, the undersigned notary, personally came and appeared:

LARRY TRYON

who, after being duly sworn, did depose and say the following:

That he is Executive Vice President Finance & Administration of TESSENDERLO DAVISON CHEMICALS, L.L.C., the bareboat charterer of the FT-22; that he has read the foregoing complaint for exoneration from or limitation of liability and knows the contents thereof, that the same is true to the best of his own knowledge, information and belief; and that the sources of his information and the grounds of his beliefs are statements, documents, and information in the possession of TESSENDERLO DAVISON CHEMICALS, L.L.C., or furnished to it by employees or agents of said company,

and that he makes this verification as the duly authorized officer of TESSENDERLO DAVISON CHEMICALS, L.L.C.

_____
MR. LARRY TRYON, EXECUTIVE VICE PRESIDENT
FINANCE & ADMINISTRATION
TESSENDERLO DAVISON CHEMICALS, L.L.C.

SWORN TO AND SUBSCRIBED before me this 25th day of October, 2004.

_____
Notary Public

OFFICIAL SEAL
DONNA J. ADAMS
NOTARY PUBLIC - STATE OF ARIZONA
MARICOPA COUNTY
My Comm. Expires Jan. 10, 2007

Notary ID# 179940
My commission expires upon: 10 JAN. 2007

October 25, 2004

To The Honorable Judges of the
United States District Court
Middle District of Louisiana

    Re:    In the Matter of the Complaint of Tessenderlo Davison Chemicals, L.L.C. as bareboat charterer of Tank Barge FT22, Petitioning for Exoneration from or Limitation of Liability

As security in the above captioned matter in the United States District Court for the Middle District of Louisiana, the undersigned, as bareboat charterer of the Tank Barge FT 22 ("FT22"), hereby agrees to the following undertaking:

1. To cause to be filed, in connection with the alleged leak or escape of cargo from the FT22 into the air near Brusly, Louisiana while the FT2 was on navigable waters of the Mississippi River, an action for exoneration from or limitation of liability in the United States District Court for the Middle District of Louisiana on behalf of TESSENDERLO DAVISON CHEMICALS, L.L.C.("TDC")

2. Upon demand, to cause to be filed in said action a bond with approved corporate surety, in the amount of Two Hundred Seventy Thousand and No/100 ($270,000.00) Dollars, together with costs and interest at the rate of 6% per annum to satisfy all statutory requirements in said action described above. In the event the bond referred to in this paragraph is filed, the undersigned shall have no further obligation under this Letter of Undertaking.

3. In the event of a final decree (after all appeals, if any) is entered against TDC as a result of claims arising out of the above described incident, TDC agrees to pay up to, but not in excess of, the total sum of Two Hundred Seventy Thousand and no/100 ($270,000.00) Dollars, along with costs and interest at the rate of 6% per annum from the date of security until paid, or any lesser amount decreed by the court or settled between the parties, where said settlement has been made with the approval of TDC, and, without any final decree being rendered.

EXHIBIT A

4. Notwithstanding any of the foregoing, the liability of Tessenderlo Davison Chemicals, L.L.C. pursuant to this Letter of Undertaking shall not exceed the sum of Two Hundred Seventy Thousand and No/100 ($270,000.00) Dollars, together with costs and interest at the rate of 6% per annum from this date until paid.

5. This letter is to be binding whether the FT22 is lost at sea, or not lost, in port or not in port, and is given without prejudice to any rights or defenses which the FT22, an her owner/operator/charterers/underwriters may have under the applicable law or statute, none of which are to be regarded as waived. The giving of this Letter of Undertaking is not to be deemed or taken to be accepted as an admission of liability on behalf of the FT22, TDC or any other interested party.

IN WITNESS WHEREOF, TESSENDERLO DAVISON CHEMICALS, L.L.C. has caused these presents to be duly executed on their behalf by the undersigned duly authorized representative of TESSENDERLO DAVISON CHEMICALS, L.L.C.

Very truly yours,

TESSENDERLO DAVISON CHEMICALS, L.L.C.

By: *[signature]*

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF RIVER CITY MARINE SERVICES, INC., AS OWNER OF TANK BARGE FT22, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO.<br><br>SECTION "___"<br><br>MAGISTRATE ___ |

* * * * * * * * * * * * * * *

## AFFIDAVIT OF VALUATION OF VESSEL

STATE OF LOUISIANA

PARISH OF LIVINGSTON

BEFORE ME, the undersigned notary, duly came and appeared Fred Budwine, who, after being duly sworn, did depose and say:

That he is a marine surveyor and has been requested to provide a fair market valuation survey of the T/B FT22 to determine the value of the vessel as of April 28, 2004;



That he is of the opinion that the fair market value of the T/B FT22 on April 28, 2004, did not exceed TWO HUNDRED FIFTY THOUSAND ($250,000) DOLLARS.

_____
Fred Budwine

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 3<u>rd</u> DAY
OF MAY, 2004.

_____
Notary Public